GEORGE F. BRISTOW v. JOHN M. HALL.

See this case for circumstances under which it was held that the jury was warranted by the evidence, in sustaining a defence of fraud, and failure of consideration, to a suit on a promissory note.

Where the consideration of the note sued on was the assignment of a bond, and the defendant pleaded fraud and failure of consideration, and made the bond an exhibit and offered to restore it, and there was an assignment endorsed on the bond, by the defendant, to a third person, it was held that such last assignment did not affect the validity of the defence.

Error from Upshur. Tried before the Hon. W. W. Morris. Suit by defendant in error against plaintiff in error, commenced January 12th, 1853, on a promissory note of the defendant, dated Nov. 6th, 1851, for $154, payable on or before December 25th, 1852, to plaintiff, expressed to be for value received, and "This note is given for an assignment of an agreement given by Mr. William Phillips, for land in Upshur County, Texas." Plea of failure of consideration ; fraudulent representations, &c. The bond was filed as part of the answer, and offered to be restored to plaintiff. It was as follows :

Whereas George F. Bristow has bought the improvement of James H. King, citizen of Upshur County, and also the improvement of William D. Grant, also of Upshur County, on a certain league and labor of land, on which I, William Phillips, have filed the headright certificate of ——— for a league and labor, and for which improvements George F. Bristow has paid said King and said Grant the sum of sixty dollars ; now I, the said William Phillips, for and in consideration of the assignment of the improvements of said Grant by him, said Bristrow, to me, said Phillips, which I, the said Bristow, hereby assign to him, the said Phillips, agree and covenant to assign and make title to him, said Bristow, of three hundred and twenty acres of said league, to include the aforesaid improvement of said King ; and should I fail to make good my title to said league and labor by virtue of the aforesaid headright certificate of ——— filed on said land, I agree and covenant, for and in consideration that said purchase by him, said George F. Bristow, made from said King and Grant, has been made at my desire and wish, I further covenant and agree to and with him, said Bristow, to give unto said Bristow and make title of three hundred and twenty acres of land out of land I otherwise own in said county of Upshur.   Witness my hand and seal, &c.   Dated November 6th, 1851.

Assignments indorsed on the back, by Bristow to John M. Hall, Nov. 6th 1851 ; and by the latter to Joseph A. Hall, May 25th, 1852 ; both purporting to be for value received.

The testimony was as follows : Plaintiff gave in evidence the note sued on.   Defendant proved that the land was patented to Chas. M. Alexander, assignee of William King ; (the statement of facts here said the face of the patent was then read to the jury, but it was not copied, nor was its date stated.) that William Phillips had a headright certificate filed in the office of the Surveyor of Upshur County, on said land ; that no survey was made on said certificate ; in Fall of the year 1851 or 1852, defendant came to office of witness, (Surveyor

of Upshur County,) to examine the records respecting the land on which Grant and King were living ; witness saw Phillips in town with him that day, but Phillips did not accompany him to witness' office ; Phillips' certificate was for a league and labor ; witness has never furnished evidence of the genuineness of said certificate. William Phillips, for defendant, testified that he was present at the making of the contract between plaintiff and defendant ; says he, witness, had a certificate filed upon the land upon which the improvements of King and Grant were situated ; witness told Hall he had a file on same, and that he thought it was a good file, and would hold the land ; Bristow said he thought so too. A. B. Denton, assessor and collector of Upshur County, for defendant, testified that William Phillips gives in land in said County for assessment ; thinks it is the headright of McGee. Defendant then read the bond of Phillips to Bristow. A. T. Gillespie, for defendant, testified that he did not know anything about the solvency or insolvency of Phillips ; all he knew was, that he was and that he had been Deputy Sheriff and had had several executions against Phillips, and that on only one of them he thought himself safe in making a levy, and the levy was pointed out to him ; the others were by him returned " no property found." The parties having failed to agree, the statement of facts was certified by the Judge. The instructions were favorable to the plaintiff. Verdict and judgment for defendant.— Motion for new trial overruled.

*W. H. Bristow*, for plaintiff in error.

*C. C. Galloway*, for defendant in error.

WHEELER J. It is quite too clear for doubt or controversy, that the evidence was sufficient to warrant the jury in finding, not only that the note was without any consideration to sup-

port the promise of the defendant, but that he made the purchase in the expectation, induced by the representations of the plaintiff, that, under the contract, he would be enabled to obtain from Phillips a title to the land ; which was the inducement to the purchase ; when, in truth, Phillips does not appear ever to have had any right or title to the land whatever ; or the ability to make a title. It does not appear that Phillips ever, in fact, had a valid certificate located upon the land ; he never furnished the Surveyor the evidence of its recommendation, or genuineness. If genuine, it was of no avail ; the title was in another : and so the jury were warranted in finding that the defendant was deceived and mislead to his prejudice by the representations of the plaintiff, which proved to be unfounded.

There is reason to believe that the contract of Phillips to make title was worthless ; but if it was not, it did not answer the purpose intended ; and the defendant has done all in his power to place the plaintiff in *statu quo,* by restoring to him the contract. For aught that appears it is as available to the latter now as it ever was, and he has sustained no injury at the hands of the defendant. The indorsement upon it, of a transfer to a third person by the defendant, cannot affect his right to a rescission of the contract ; for the reason that no delivery of it appears to have accompanied the indorsement, without which it could not take effect as an assignment ; the defendant retained it in his possession ; brought it into Court to be delivered up to the plaintiff ; and no third person has asserted any claim of right under the supposed assignment.—Under the evidence and law of the case, the finding of the jury was legal and correct ; and the judgment is affirmed.

Judgment affirmed.